IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 11, 2017

**STATE OF TENNESSEE v. KENNETH MARCUS JONES**

**Appeal from the Circuit Court for Dyer County**
**No. 11-CR-31      Lee Moore, Judge**

**No. W2017-00241-CCA-R3-CD**

The Defendant, Kenneth Marcus Jones, appeals from the revocation of his probation by the Dyer County Circuit Court. Upon our review, the judgment of the circuit court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

James E. Lanier, District Public Defender; and Sean P. Day, Assistant Public Defender, for the Defendant, Kenneth Marcus Jones.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Caitlin E. D. Smith, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Defendant entered a guilty plea to forgery, a Class E felony, on April 5, 2011. He received a two-year sentence with one year and nine months probation after service of ninety days in the county jail. A November 8, 2011 agreed order reflects that, on September 21, 2011, the Defendant's probation was revoked, and he was remanded to the Tennessee Department of Correction (TDOC) to serve the balance of his two-year sentence. Apparently, the Defendant remained in custody, was never transferred to the TDOC, and was scheduled for determinate release on November 22, 2011. The November order further shows that the trial court ordered the balance of the Defendant's two-year sentence be suspended and that he be placed on supervised probation for two

years. The Defendant had "developed a mass on his breast and [was] in need of immediate attention[.]"

Prior to the October 25, 2016 probation revocation hearing, defense counsel advised the trial court that he opposed the hearing because he believed the Defendant's sentence had expired. According to defense counsel, given the April 5, 2011 date on the judgment and the Defendant's jail credit, the Defendant's probation had expired. Moreover, defense counsel argued that the November 8, 2011 order did not extend the Defendant's probation for another two-year period but reinstated his original probation period. In response, the State argued that the November 8, 2011 order did not extend the Defendant's probation but instead "placed [the Defendant] on probation" anew. The trial court denied the Defendant's request and proceeded with the hearing.

Darrell McElrath, a probation officer with the Tennessee Board of Probation and Parole, testified that he was assigned to supervise the Defendant. On April 4, 2013, a probation violation warrant was filed based on the Defendant's failure to pay his fees to the supervision and criminal injuries fund and his failure to pay restitution. Officer McElrath acknowledged that he filed the technical violation because the Defendant's probation was about to expire. Officer McElrath confirmed that the Defendant completed a drug treatment rehabilitation program as part of his probation. After release from the program Officer McElrath specifically told the Defendant that he needed to continue to report to probation because he had "some time left" and "a violation had been filed." This was the last contact Officer McElrath had with the Defendant. A follow-up report was filed on December 16, 2013, based on the Defendant's failure to advise his probation officer of a change in residence or employment. Additionally, the Defendant did not report as directed and had pleaded guilty to (1) abuse of the 911 system in January 2014, (2) failure to appear in November 2014, and (3) public intoxication and resisting arrest on August 17, 2015. Certified copies of each of the convictions were admitted into evidence at the hearing. Asked on cross-examination when the Defendant's probation was set to expire, Officer McElrath answered April 5, 2013. He later clarified that he computed this date from the judgment sheet and not the November 2, 2011 order placing the Defendant on probation for two years. The Defendant testified and explained that he did not report as directed because he believed his probation was completed.

## ANALYSIS

The sole issue presented for our review is whether the trial court abused its discretion by fully revoking the Defendant's probation. The State argues, and we agree, that the trial court properly revoked the Defendant's sentence. A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of probation.

T.C.A. §§ 40-35-310, -311(e) (2009). Probation revocation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A trial court's decision to revoke probation will be upheld absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination that he violated his probation. Id. (citations omitted).

Once a trial judge has determined a violation of probation has occurred, the trial judge retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Additionally, under Tennessee Code Annotated section 40-35-310(b), the trial court

> may also resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. Id. at 647; State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In his brief, the Defendant argues that he "should have received a partial revocation of his two-year sentence." He concedes that "[w]hile [he] pleaded guilty to new crimes, he received minimal jail time and mostly probated sentences." As an initial matter, the record shows that the Defendant was originally placed on probation for a term of one year and nine months to begin after service of ninety days. He served the ninety days when he entered his guilty plea on April 11, 2011. Thus, his probation was set to expire twenty-one months from April 11, 2011. He was placed back on supervised probation for a two-year term on November 8, 2011. We therefore agree with the trial court's computation of November 8, 2013, as the date the Defendant's probation was set to expire, and conclude that the initial probation violation report tolling the expiration of the Defendant's sentence was timely filed. Moreover, the record reflects, and the Defendant does not dispute, that he failed to pay his fines and costs, which served as the basis for the initial violation report. The Defendant was later charged with and entered guilty pleas to four new crimes. This constitutes more than ample evidence to support the

trial court's full revocation of the Defendant's sentence in this case. The Defendant is not entitled to relief.

## CONCLUSION

Upon our review, we affirm the judgment of the circuit court.

_____
CAMILLE R. McMULLEN, JUDGE